IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **DAVID CRUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:08-0090 |
| | ) | |
| **BUREAU OF PRISONS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 18, 2008, Plaintiff, an inmate at FCI Beckley, acting *pro se*, filed his Complaint and Application to Proceed *in Forma Pauperis* in the United States District Court for the District of Columbia claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) By Order entered on January 23, 2008, the United States District Court for the District of Columbia transferred the above case to this District. (Document Nos. 3 and 6.) Plaintiff alleges that Defendants violated his constitutional rights by misapplying certain policies and procedures. (Document No. 1.) Plaintiff names the following as Defendants (1) Bureau of Prisons;[2] and (2) Harrell Watts, Administrator of National Inmate Appeals. (Id.) Plaintiff contends that Defendants violated his constitutional rights by failing to comply with their policies during certain disciplinary hearings, and by denying his placement in UNICOR. (Id.) Specifically, Plaintiff alleges as follows:

Pursuant to federal Section 1983, this Plaintiff in good faith, introduces Exhibits A-1,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Although the Court notes that the Bureau of Prisons is not a "person" as required by *Bivens*, the Court will screen Plaintiff's Complaint for merit.

>A-2, A-3, B-1, B-2, B-3, C-1, C-2, and Documents one and 14, to hereby clearly illustrate a very unconstitutional pattern concerning any and all subjects. If their policy statement is not in their favor, and they know that the prisoner is legally correct, they hereby violate the prisoner's rights repeatedly, and without shame, all the way to Washington, D.C. For instances, Exhibits A-1 to A-3, show that the institution was defeated on their own limitation of time policy, however, they ignored that, and still let stand the penalty. Moreover, Exhibits B-1 to B-3, show how they substituted policy 5100.08, to circumvent policies 5873.05 and 1040.04, because they knew that they were beat and that indeed it is discrimination if they refuse to allow a prisoner to get an administrative program transfer, which they never addressed. Additionally, Documents one and 14 show how they illegally created a fake (old law) sentencing structure and lied about (305) good days that the prisoner never received.

(Id., p. 5.) Plaintiff seeks monetary and injunctive relief. (Id., p. 6.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 7.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted.[3] A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct.

---

[3] Plaintiff has filed four other civil actions in this Court:(1) *Crum v. USPC*, Civil Action No. 5:03-0427 (S.D.W.Va. Oct. 31, 2003)(*habeas* action dismissed for failure to exhaust administrative remedies); (2) *Crum v. Sawyer*, Civil Action No. 5:03-0434 (S.D.W.Va. Mar. 25, 2003)(*habeas* action dismissed for failure to exhaust administrative remedies); (3) *Crum v. Attorney General of the United States*, Civil Action No. 5:04-0983 (S.D.W.Va. Feb. 29, 2008)(*habeas* action dismissed for failure to exhaust administrative remedies); and (4) *Crum v. Ashcroft*, Civil Action No. 5:04-01299 (S.D.W.Va. Feb. 29, 2008)(*habeas* action dismissed for failure to state a claim upon which relief could be granted).

1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Therefore, the actions and conduct of federal agencies, officers and employees are not actionable under Section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(a claim for relief under Section 1983 may be made only against persons who acted under color of state law). Rather, claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because the Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. The undersigned

therefore will construe and consider Plaintiff's claims under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[4] The United

---

[4] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

### 1. **Prison Discipline Has Not Been Vitiated.**

Plaintiff alleges that Defendants violated his right to due process by misapplying their policies and procedures during certain disciplinary hearings.[5] (Document No.1, pp. 10 - 16.) In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render

---

[5] Plaintiff attaches the following administrative remedies as exhibits: (1) Administrative Remedy No. 425760 (Document No. 1, pp. 10 - 12, Exhibits C-1, C-2, and A-3.); (2) Administrative Remedy No.420116 (*Id.*, pp. 13 - 14, Exhibits A-1 and A-2); (3) Administrative Remedy No. 311743 (*Id.*, p 15, Exhibit 14); and (4) Administrative Remedy No.366311 (*Id.*, p. 16, Exhibit 1). In order to fully exhaust his administrative remedies, Plaintiff must file a BP-9 (request to Warden) , BP-10 (request to Regional Director), and BP-11 (request to General Counsel). Based upon a review of the Exhibits, it appears that Plaintiff failed to fully exhaust his administrative remedies regarding the following: Administrative Remedy Nos. 420116, 311743, and 366311. (*Id.*, pp. 13 - 16, Exhibits A-1, A-2, 1, and 14.) First, it appears that Plaintiff filed only his BP-9 request concerning Administrative Remedy No. 420116. (Document No. 1, pp. 13 - 14, Exhibits A-1 and A-2.) Next, Plaintiff attaches only a copy of the Regional Director's response to his BP-10 concerning Administrative Remedy No. 311743. (*Id.*, p 15, Exhibit 14.) Finally, Plaintiff attaches only a copy of the Warden's response to his BP-9 regarding Administrative Remedy No. 366311. (*Id.*, p. 16, Exhibit 1.)

> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action.[6] In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that

---

[6] By reference to Exhibits 1 and 14 (Administrative Remedy Nos. 366311 and 311743), Plaintiff alleges that he has been denied 305 days of good time credit. First, as stated above, the undersigned notes that Plaintiff has failed to fully exhaust his administrative remedies concerning the above claim. Next, the undersigned finds that Warden Anderson acknowledged an error and awarded Plaintiff good time credit in Exhibit 1. Specifically, Warden Anderson stated as follows: "Due to an administrative error upon your commitment to FCI Beckley, you were not submitted for Extra Good Time. On January 13, 2005, staff reviewed your file and found it appropriate to recommend you for Extra Good Time beginning upon your arrival at FCI Beckley. Your computation was updated to reflect this award of Extra Good Time." (Document No. 1, p. 16, Exhibit 1.) Finally, the undersigned notes that Plaintiff is not claiming that he has been improperly denied good time credit, which would be cognizable under 28 U.S.C. § 2241. Rather, it appears that he is seeking monetary damages and injunctive relief for alleged conduct and errors of administrators of his prison sentence.

[Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was denied due process in connection with his prison disciplinary hearings, (2) that his contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearings, and (4) that his claim is therefore barred.[7]

### 2. No Liberty Interest in UNICOR Placement.

Next, Plaintiff alleges that his constitutional rights were violated by Defendants' failure to place Plaintiff in the UNICOR Program[8] at FCI Beckley. Specifically, Plaintiff claims that Defendants inappropriately applied their policies in denying his placement in UNICOR. Plaintiff further complains that Defendants refused his request for transfer to FCI Petersburg for placement in their UNICOR Program. (Document No. 1, pp. 5, 7 - 9.)

The Fifth Amendment protects against deprivations of life, liberty, or property by the federal

---

[7] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. The undersigned notes that Plaintiff does not allege he was denied any of the above procedural safeguards.

[8] Federal Prison Industries, Incorporated is a wholly-owned corporation of the United States Government that employs inmates in federal prisons. Federal Prison Industries is also know as "UNICOR."

government. See U.S. Const. amend. V. In order to prevail on a due process claim, a plaintiff must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, plaintiff must first demonstrate that he had a protected liberty interest. The fact of conviction and imprisonment implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979)(quoting Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that in order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Id., 515 U.S. at 484, 115 S.Ct. at 2300 (citations omitted). Absent allegations indicating that there has been a restraint upon the inmate's freedom which imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the inmate's claims have no merit. Id.

To the extent that Plaintiff alleges a liberty interest in placement in a UNICOR Program, the undersigned finds that Plaintiff's claim is without merit. The denial of privileges is a matter clearly contemplated by Plaintiff's original sentence. See Gaston, 946 F.2d at 343 (To safely and efficiently run the prison, prison officials maintain broad discretion over an inmate's "location, variations of daily routines, changes in conditions of confinement (including administrative segregation), and the denial of privileges"); Hatch v. District of Columbia, 184 F.3d. 846, 855 (D.C. Cir. 1999)(stating that "the transfer of an inmate to less amenable and more restrictive quarter for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); and Gholson v. Murry, 953 F. Supp. 709, 716 (E.D.Va. 1997)(finding that the denial of work opportunities and certain education programs did not impose an atypical and significant hardship). Furthermore, it is well established that an inmate has no federal right to a job assignment. Woodworth v. United States, 44 Fed Appx. 112 (9th Cir. 2002)(finding that an inmate "has neither a liberty nor a property interest in his prison job"); Grayson v. Federal Prison Industries Factory, 69 F.3d 536 (5th Cir. 1995)(stating that prisoners have no constitutionally protected liberty or property interest in their prison job assignment, nor a legitimate claim of entitlement to continuing UNICOR employment); James v. Quinlan, 866 F.2d 627, 629 - 31 (3rd Cir. 1989)(holding that "plaintiffs do not have a liberty interest in their Federal Prison Industries job assignment"); Johnson v. Knable, 862 F.2d 314 (4th Cir. 1988)(stating that "prison work assignments are matter within the discretion of prison official, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate"); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982), cert. denied, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983)(finding that inmates have no federal statutory right to Prison Industry Employment); Jackson v. LaManna, 2007 WL 1862371 (D.S.C. March 23, 2007)(stating that "[a]ll inmate job assignments are subject to the institution's needs, and inmates do not have any

fundamental constitutional right to any specific work assignment"); and Williams v. Farrior, 334 F.Supp.2d 898 (E.D.Va. Sept. 7, 2004)(finding that prisoner was not entitled to due process protection because he had no liberty or property interest in any prison job assignment or placement in any particular prison facility). Thus, Plaintiff has no liberty interest in placement in the UNICOR Program. Accordingly, Plaintiff's claim that Defendants violated his constitutional rights by refusing to place him in UNICOR is without merit.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

ENTER: March 11, 2009.

R. Clarke VanDervort
United States Magistrate Judge

11