IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID HALL CRUM,

                Plaintiff,

v.                                       CIVIL ACTION NO. 5:08-cv-00090

BUREAU OF PRISONS and
HARRELL WATTS,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se Plaintiff David Crum's Complaint for the Violation of Civil Rights Under 42 U.S.C. § 1983 [Docket 1] and Application to Proceed in Forma Pauperis [Docket 2]. By Standing Order entered August 1, 2006, and filed in this case on February 19, 2008, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort submitted a PF&R on March 11, 2009 [Docket 23]. In the PF&R, the magistrate judge recommended that the Court dismiss Plaintiff's complaint and deny his application to proceed in forma pauperis.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge VanDervort's

PF&R were due by March 27, 2009, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff did not file objections until April 6, 2009. The delay appears to be excusable, however, and the Court will consider the objections timely filed.[1] This matter is fully briefed and ripe for the Court's consideration.

## I. BACKGROUND

This action was filed in the United States District Court for the District of Columbia on January 18, 2008. At the time of filing, Plaintiff was incarcerated at the Federal Correctional Institution, Beckley (FCI Beckley) in Beaver, West Virginia. The complaint named as defendants the Federal Bureau of Prisons (Bureau) and Harrell Watts, the National Inmate Appeal Administrator for the Bureau. On February 8, 2008, the District of Columbia court transferred the action to this district sua sponte, citing a defect in Plaintiff's choice of venue.

In his complaint, Plaintiff alleges that Defendants violated his constitutional rights by failing to comply with Bureau policies during certain disciplinary hearings and by denying Plaintiff the opportunity to obtain employment with Unicor, which is a Bureau program that employs prisoners in federal custody. Specifically, Plaintiff alleges as follows:

> Pursuant to federal [42 U.S.C. §] 1983, this Plaintiff in good faith, introduces [numerous documents], to hereby clearly illustrate a very unconstitutional pattern concerning any and all subjects. [I]f [the Bureau's] policy statement is not in their favor, and they know that the prisoner is legally correct, they thereby violate the prisoner's rights repeatedly, and without shame, all the way to Wash[ington], D.C. For instances, Exhibits A-1 to A-3, show that the institution was defeated on their own limitation of time policy, however, they ignored that, and still let stand the penalty. Moreover, Exhibits B-1 to B-3, show how they substituted policy 5100.08,

---

[1] Due to Plaintiff's placement in the Bureau of Prisons' community corrections program, the Clerk did not have Plaintiff's physical address on file. The PF&R was sent to Plaintiff's Community Corrections Manager, who forwarded it to Plaintiff's physical address on March 30, 2009. (Docket 13-2.)

>to circumvent policies 5873.05 and 1040.04, because they knew that they were beat and that indeed it is discrimination if they refuse to allow a prisoner to get an administrative program transfer, which they never addressed. Additionally, Documents one and 14 show how they illegally created a fake (old law) sentencing structure and lied about (305) good days that the prisoner never received.

(Docket 1 at 5.) Plaintiff supports his allegations with various documents generated during the course of his pursuit of administrative remedies with the Bureau. He seeks injunctive relief and damages.

The magistrate judge recommends that the Court find that Plaintiff has failed to state an actionable claim for relief.[2] Regarding Plaintiff's allegations that he was denied due process at his disciplinary hearings, the magistrate judge proposes that Plaintiff's claim for damages be barred because the challenged disciplinary hearings have not been invalidated. With respect to Plaintiff's claim that he was unconstitutionally denied placement with Unicor, the magistrate judge proposes that Plaintiff had no liberty or property interest in prison employment capable of supporting a due process claim.

Plaintiff asserts two objections to the magistrate judge's PF&R. First, Plaintiff contends that the magistrate judge failed to account for the fact that Plaintiff never received good time credit owed to him. Second, Plaintiff argues that because he hid not receive the PF&R until April 2, 2009, he

---

[2] Because the named defendants are a federal agency and federal actor, the magistrate judge found that Plaintiff's § 1983 claims must be construed as claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and/or the Federal Tort Claims Act, 29 U.S.C. §§ 2671 *et seq*. Plaintiff was convicted under the laws of the District of Columbia, however, and federal officials are amenable to suit under § 1983 when acting pursuant to the D.C. Code or to provisions of the United States Code applicable exclusively to the District of Columbia. *See Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir. 2004). The Court need not decide whether any of Plaintiff's claims are properly stated under § 1983 because Plaintiff did not object to the magistrate judge's construction of his claims and, more importantly, it would not affect the disposition of this case.

is entitled to have this case transferred back to the District of Columbia. Each objection will be addressed in turn.

## II. DISCUSSION

*A. First Objection: Failure to Award Good Time Credit*

Plaintiff objects to the magistrate judge's finding that Plaintiff had not unlawfully been denied 305 days of good time credit. More specifically, Plaintiff states, "The Magistrate Judge . . . fail[ed] to fairly answer the fact that, although the Defendants stated and placed on documents that they had indeed given the Plaintiff . . . good time, that they indeed failed to give that time, but in fact lied about it." (Docket 13 at 1.) The document Plaintiff refers to is a response to his February 7, 2005, Request for Administrative Remedy. It is signed by Marty C. Anderson, former warden of FCI Beckley, and dated March 8, 2005. It states, in relevant part:

> Due to an administrative error upon your commitment to FCI Beckley, you were not submitted for Extra Good Time. On January 13, 2005, staff reviewed your file and found it appropriate to recommend you for Extra Good Time beginning upon your arrival at FCI Beckley. Your computation was updated to reflect this award of Extra Good Time.

(Docket 1.) Plaintiff faults the magistrate judge for not requiring the Bureau to demonstrate to the Court that Plaintiff in fact received the good time credit referenced in the document.

The magistrate judge identified three separate grounds for dismissing Plaintiff's claim that he was improperly denied 305 days of good time credit. (Docket 10 at 6 n.6.) Plaintiff's first objection implicates only one of those grounds. Plaintiff does not object to the other two grounds, including the magistrate judge's proposed finding that Plaintiff's claim must be denied because he failed to exhaust his administrative remedies.

-4-

The courthouse doors are closed to prisoners wishing to bring habeas, § 1983 or *Bivens* actions unless they have first exhausted their administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (interpreting 42 U.S.C. § 1997e(a)); *McClung v. Shearin*, 90 Fed. App'x 444, 445 (4th Cir. 2004) (extending exhaustion requirement to habeas petitions filed under 28 U.S.C. § 2241). The exhaustion requirement is not jurisdictional, however. It is an affirmative defense for defendants opposing pro se prisoner suits. Prisoners are not required to plead or demonstrate that they have exhausted their administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the present case, Defendants have not filed a response, and, therefore, the exhaustion defense has not been raised here. In most circumstances, the absence of a properly pled exhaustion defense would preclude dismissal for failure to exhaust administrative remedies. The Court may dismiss a claim, however, when it is readily apparent that the exhaustion requirement has not been met. *See Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 681 (4th Cir. 2005).

Plaintiff is no stranger to this Court.[3] The purported withholding of Plaintiff's good time credit at issue in the present case has been fully addressed in a previous case, *Crum v. Attorney General of the United States*, Civil Action No. 5:04-0983. The defendants in the prior case, including the Bureau, argued that Plaintiff had not exhausted his administrative remedies. (Dockets 34 at 9–10 and 34-26 in 5:04-cv-00983.) They asserted that Plaintiff had been made aware of his right to appeal adverse administrative decisions within clearly stated deadlines, but that Plaintiff had

---

[3] Plaintiff has filed four other civil actions in this Court: (1) *Crum v. U.S. Parole Comm'n*, 5:03-cv-00427 (habeas action dismissed for failure to exhaust administrative remedies); (2) *Crum v. Sawyer*, 5:03-cv-00434 (habeas action dismissed for failure to exhaust administrative remedies); (3) *Crum v. Att'y Gen. of the U.S.*, 5:04-cv-00983 (habeas action dismissed for failure to exhaust administrative remedies); and (4) *Crum v. Ashcroft*, 5:04-cv-01299 (habeas action dismissed for failure to state a claim upon which relief could be granted).

declined to do so. The Court agreed with the defendants in that case and dismissed Plaintiff's complaint for failure to exhaust administrative remedies. (Docket 62 in 5:04-cv-00983), *aff'd Crum v. Att'y Gen. of the U.S. (In re Crum)*, 282 Fed. App'x 223 (4th Cir. 2008).

Proper exhaustion, which includes filing administrative grievances and appeals within the proper deadlines, is required by 42 U.S.C. § 1997e(a) as a precondition for maintaining a pro se prisoner suit. *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The Bureau, which was a named defendant in 5:04-cv-00983, previously has demonstrated to this Court that Plaintiff declined to properly exhaust all available administrative remedies because he failed to file administrative appeals within the applicable deadlines. These deadlines have long since expired. Plaintiff is collaterally estopped from rearguing this issue. *See In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995) ("Collateral estoppel precludes relitigation of an issue decided previously in judicial . . . proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding.").

As the Court previously found, and as the magistrate judge observed in the PF&R, Plaintiff failed to exhaust his administrative remedies with respect to his claim that he has been denied 305 days of good time credit. Therefore, this claim is subject to dismissal. Plaintiff's objection faults the magistrate judge for not requiring the Bureau to prove that the appropriate good time credit was factored into the computation of his sentence, but his objection does not point to error in the magistrate judge's finding that the claim fails on exhaustion grounds. Accordingly, Plaintiff's first objection is **OVERRULED**.

B. *Second Objection: Delay in Receiving PF&R*

Plaintiff's second enumerated objection states, in full: "On top of the fact that I just received his [Magistrate Judge VanDervort] proposed finding today (4-2-09) (refer to postmark on Regional Office Envelope). Accordingly, this Court should transfer this case back to Wash[ington], D.C." (Docket 13.) Plaintiff's second objection does not "direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nor does it suggest an intelligible reason why this Court should consider transferring this case to the District of Columbia. To the extent it can be construed as an objection to the PF&R, it is **OVERRULED**.

### III. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the PF&R [Docket 10], **OVERRULES** Plaintiff's Objections to the PF&R [Docket 13], **DENIES** Plaintiff's Application to Proceed in Forma Pauperis [Docket 2], **DISMISSES** Plaintiff's Complaint, and **DIRECTS** the Clerk to remove this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:  May 22, 2009

       _____
       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE